The last case on the calendar for argument today is United States v. Griffin, No. 20-2246 and 22-72. Mr. Jacobs, whenever you're ready. Yes, good morning, Your Honors, and may it please the Court. My name is Brian Jacobs from Moorville-Obramowitz, and I represent Joseph Griffin on this appeal. I did not represent him below. This Court should vacate Mr. Griffin's sentences because they are procedurally and substantively unreasonable. And I want to start first with the argument that the district court miscalculated the guidelines range. And it's a point that the government here appears to concede. Mr. Griffin was sentenced on both a guilty plea to an indictment and admission to a violation of supervised release. On the admission to the supervised release violation, Mr. Griffin's guidelines range should have been 21 to 27 months. It was set forth correctly in the violation report. However, this is subject to a plain error standard, is it not? It was not raised below. Correct, Your Honor. This was not raised below, and it is subject to the plain error standard of review. But for the reasons we set out in our brief, we think we meet the plain error standard here. The district court sentenced Mr. Griffin to 18 months, which is below the range the district court used, which is 33 to 36 months, and below the correct range of 21 to 27 months. However, when the district court imposed that sentence, the supervised release violation sentence, the district court gave only one rationale, which was that he had already imposed a 120-month sentence on the indicted case, and he wanted to give some increment above 120 months. It's not at all clear from the record whether that increment should have been one month or 18 months. And so this Court cannot say with confidence that the district court would have imposed the same 18-month sentence if the district court had been using the correct guidelines range. Well, but conversely, it didn't rely on the miscalculated range. Your Honor, I believe the district court did rely on the miscalculated range as the first step. And this Court has been clear that when there's a miscalculated range, even if the district court ultimately imposes a below-guideline sentence, the anchoring effect of that miscalculated range still gives rise to error that requires vacatur and remand. So the court used a—the court viewed the guideline range as being a minimum of 33 months. Correct, Your Honor. And it went down to 18 months. Correct. The government concedes that the correct guideline range would have had a minimum, I think, of 21 months. Correct. And 18 months is only 3 months below 21 months. Correct. And you're saying that we should assume that the court would have gone down further if it had realized that the correct range was at a bottom range of 21 rather than 33 because it's a substantial drop from 33 to 18. And that would be a strong point, a very strong point, if it had been objected to before. But the standards for plain error are quite stringent, and they require a lot of things, but among them things like that it must be a miscarriage of justice. So why is this sufficiently egregious to require remand? Yes, Your Honor. And I think that the Supreme Court has addressed this issue twice in recent years. In the Molina-Martinez case, the Supreme Court says, and this is 136 S.C.T. 189, in most cases the guidelines range will affect the sentence. When that is so, a defendant sentenced under an incorrect guidelines range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range. That probability is all that is needed to establish an effect on substantial rights for purposes of obtaining relief under Rule 52B. And then second, in the Rosales-Morales case, 138 S.C.T. 1897 from 2018. I'm sorry. Give me that again, the citation, the name of the case. It's Rosales-Morales 138 S.C.T. 1897 from 2018. On page 1902, the Supreme Court wrote, in the ordinary case as here, the failure to correct a plain guidelines error that affects a defendant's substantial rights, which is the issue I just addressed, will seriously affect the fairness, integrity, and public reputations of judicial proceedings. And so what the Supreme Court is saying in these two cases, Molina-Martinez and Rosales-Morales, which we address in our reply brief, is that a case where the guidelines range is miscalculated, it affects the defendant's sentence in most cases, and that affects the fairness and integrity of judicial proceedings. Now, the way the government can counter that— So the second case that you just spoke about was a plain error case. Correct, Your Honor. And it's saying that that fourth prong of plain error review is met where the case affects the defendant's substantial rights, where there is a failure to correct a plain guidelines error. And the government can respond to this effectively by saying that the record below, if it reflects that the district court would have imposed the same sentence in any event, then you fail plain error review. But that is not what this record shows. What the record shows, with respect to the supervised release violation, with respect to that piece, the district court addressed it over the course of two pages, and the only rationale the district court gave for that particular aspect of the sentence was that it needed to be some increment over the 120 months the district court had already imposed. It could have been one month over, or it could have been 18 months over, as it ended up being, and it would have met what the district court said. The district court did not say, I think a sentence of 18 months is appropriate regardless of where the guidelines range falls. And so we contend that we meet the plain error standard here, and this court should vacate the sentence and remand for the district court to resentence under the correct range. We make a number of other arguments in our brief, but I see I'm limited in time. The one I would focus the court on is our argument, I'm sorry, Judge LaValle, I would just say that the sentence on the indicted case was itself subject to an error, in that the court erroneously found that Mr. Griffin necessarily knew he was distributing fentanyl when he maintained throughout the proceedings, including at his plea under oath. No, Your Honor. Mr. Griffin repeatedly stated that he believed he was distributing fentanyl, and they disputed that fact, but the district court made a finding of fact to the contrary, that he knew he was distributing fentanyl. He made that finding not based on anything in the record, but based on what he perceived, what the district court perceived as the likelihood that one would know that based on what's happening on the street, which was an entirely improper finding for the reasons we set out on our brief, not the least of which- Isn't it ordinarily a fair inference that one knows what one is selling? Isn't that a fair inference? Apart from what one knows about what prices are on the street, if somebody sells heroin, doesn't one generally assume that the person knew what he was selling? Why isn't that a perfectly rational inference to draw? Your Honor, I- That was what he had pled to previously. Your Honor, he said repeatedly at his guilty plea that he believed he was selling heroin, and this was not a case of significant drug dealing. This was a small sale to a fellow addict. Mr. Griffin believed he was using heroin as well, and the government and the district court didn't rely on the argument the court's making. What was relied on was really the prevalence of fentanyl in society, and the district court's remarks about fentanyl itself suggest the district court really weighed this heavily in imposing the 120-month sentence. This was an offense that would have carried a range of 10 to 16 months with no criminal history or 27 to 33 months with a criminal history of six, but Mr. Griffin got a significantly higher sentence than that. I see my time is up, and I reserve the two minutes for rebuttal. Thank you. Thank you, counsel. Mr. Flannell. Thank you, Your Honor. May it please the court, David Wong, Assistant United States Attorney, on behalf of the United States. In the sentencing appeal, there's no dispute that Mr. Griffin had twice been convicted of federal narcotics crimes, each time as a career offender under the guidelines. The only issues on appeal are whether the district court judge here committed procedural errors in imposing substantially below-guideline sentences, and furthermore, whether those sentences were substantively unreasonable. Given the district court's thorough explanation of its reasoning, there was no error, and this panel should affirm. I will just pick up. So there was no error, or there was no plain error? There was no error. Your Honor, there were four procedural errors claimed by Mr. Griffin's counsel, as well as a substantive reasonableness challenge. So there were slightly different standards as to each of those four. But to get to Your Honor's question, the issue about whether there was an error in the calculation of the supervisory release guidelines, that is a plain error standard, and just turning to that first, counsel is correct that Molina-Martinez does seem to suggest there is some sort of lesser showing when there is a miscalculation of the guidelines. However, if you look at Molina-Martinez at 136 Supreme Court Report of 1346-47, the Supreme Court there made clear that this is not a per se or categorical rule. There's not some sort of automatic finding or showing of prejudice to satisfy the miscarriage of justice prong of the fourth prong of plain error review. And so as counsel began to indicate, and I will direct your attention to, the Supreme Court there said the record in the case may show, and this is quoting Molina-Martinez at 1346-47, that the district court thought that the sentence it chose was appropriate irrespective of the guidelines range. Judges may find that some cases merit a detailed explanation of the reasons the selected sentence is appropriate, and that explanation could make it clear that the judge based the sentence he or she selected on factors independent of the guidelines. The government submits that the experienced district court judge here did exactly that. Although the sentencing was a consolidated sentencing in which he addressed the new case and then supervised release, it's fair and appropriate for the panel to consider the entire context of this two-hour sentencing where the district court judge made a number of findings about each of the 3553A factors. I'm not sure I understand what you based that on. The issue is whether there are indications that the district court regarded the sentence given as the appropriate sentence regardless of what the guidelines said, notwithstanding that the district court made quite a substantial error in its statement of what the guidelines were, a difference of 33 down to, is it 21 months? At the low end of the range. At the low end of the range. And you're saying that the district court sufficiently explained that the number it was giving, 18 months, it regarded as the appropriate sentence regardless of what the guideline range was. And so what I'm asking you is tell me exactly what you rely on in what the district court said that justifies, that would justify us in finding that the errors, the very substantial errors to the guideline range made no difference in where the district judge came down. I have two responses to that, Your Honor. First, I think Judge Shea did indicate on the record at A262 his thinking that the consecutive sentence he was going to post for the supervised release violation be somewhat greater than the sentence that Mr. Griffin received in the 2009 federal narcotics conviction. Well, that by itself doesn't go very far because as your adversary pointed out, somewhat greater could have been one month more or two months more or 18 or 100 months more. So go ahead. Judge Shea did further go on to say that there needs to be an incremental punishment even if it's a small one on the same page in the record. But, Your Honor, to get back to Molina-Martinez, I think the second response is, while one's statement in the record to say that I would have imposed the same sentence irregardless of guidelines is not the only way to affirm the district court's actions here. I think the court can look at the entirety of the sentencing proceedings in which the judge did go through a detailed explanation of the reasons for why certainly the overall sentence was appropriate. And he made clear that he considered the other 3553A factors far more important than the guidelines in this case. So this is not a case. What did he say that makes that abundantly clear? As he walked through each of the 3553A factors, he talked about Mr. Griffin's long and extensive criminal history. He talked about the need under 3553A to protect the public in this case because Mr. Griffin had a history of committing crimes while on supervision and was not deterred from further criminal conduct. He talked about the need for deterrence, in particular a specific deterrence for Mr. Griffin. So he talked about all of those factors in conjunction with Mr. Griffin's history and circumstances and taking a holistic approach as he was required to do under 3553A in imposing that sentence. There is a case that we did find, and I'm happy to put it in a 28J letter, U.S. v. Santiago, which is 739 Federal Appendix 693, a 2018 decision. What page? 739 Federal Appendix 693, Your Honor, in which a panel of this court affirmed a decision by Judge Shek in which this issue was raised. And there the panel found that given the other hallmarks in the otherwise thorough transcript, it felt comfortable in affirming Judge Shek's explanation on the record and that there was no plain error satisfied. Did that case, did that decision cite the Supreme Court cases that your adversary pointed us to? It certainly cited Molina-Martinez, Your Honor, and it came after Molina-Martinez, which is a 2016 decision. I don't know for sure whether it cited the second decision that counsel cited before you. Turning to the second issue, Your Honors, the issue of whether the district court erred or may have committed a procedural error in finding that Mr. Griffin knew or should have known that the substance that he distributed was fentanyl. That is a clear error standard of review. And here, as the government points out in its brief, the only thing that is substantiating his claim that he thought it was heroin that he was selling was his own statements. But what we have and what Judge Shek had before him in the record were a number of undisputed facts that the court could rely on. Number one, that at the time that Mr. Griffin sold fentanyl, at the time he was on supervised release, the cost of each bag of fentanyl was approximately $3 to $4 in the greater Hartford area. Second, that the price of heroin was significantly more. There you could find those at the PSR, paragraph 9, which the court adopted without objection from Mr. Griffin. Mr. Griffin also sold the CHS here 20 bags for $60, which is consistent with that price. Third, it was undisputed that Mr. Griffin was unemployed at the time of his crime, and so it would defy logic that he would be giving away or underselling himself when he needed the money and was attempting to support his family. And fourth, the lab tests, which were also undisputed, confirmed that the substance that Mr. Griffin sold was in fact fentanyl. So given the state of the record where we have Mr. Griffin's statements on the one hand and the other undisputed parts of the record, the district court did not clearly err in finding that Mr. Griffin knew or should have known that he sold fentanyl, and it was plausible in light of the record viewed in its entirety. Unless there are other questions, the government will rest on its brief. Thank you. Thank you, counsel. Mr. Jacobs, you have two minutes remaining for rebuttal. You did not represent behind this mask, this mask, I suppose. Yes, Judge Sackett. You did not represent the appellate at trial. Is that right? You or your firm? Correct. We did not represent Mr. Griffin below. We were appointed by the court, the Second Circuit, once his appeal was filed. Thank you, Judge. I want to respond briefly to what Mr. Huang said. There's really nothing about the record here that gives confidence that Judge Shea would have imposed the same 18-month consecutive sentence even if he had had the correct guidelines range. Mr. Huang points to the record as a whole and asks this Court to look at the statements Judge Shea made in imposing the sentence on the indicted case. But it's worth pointing out that both the government itself repeatedly asked the district court to view the supervised release as a separate violation and to impose a separate sentence so that Mr. Griffin, and I think the government says on the transcript, every day he's sitting during that additional time of incarceration in jail, he'll remember that it's because he violated supervised release. So it was the government that separated out the supervised release violation and asked the court to impose a distinct consecutive sentence. Mr. Griffin, at the moment where Judge Shea turns to the supervised release violation, his counsel says, Judge, 120 months is a long time. You should impose a concurrent sentence. But Judge Shea says, no, a consecutive sentence is appropriate here and says, I think it needs to be an increment over 120, even if it's small. Nothing about that statement, like I said in my initial remarks, gives confidence that it would have landed on, Judge Shea would have landed on 18, even if he'd had the correct guidelines range. And I'm not familiar with the Santiago case that was cited, but I can't imagine it's a case involving the unique circumstances of this one with an indicted case that gets indicted after the supervised release violation report is filed, which seems wholly unique. Unless the court has other questions, we'll rest on our submission. Thank you, counsel. Thank you. I'll take the case under advisement. The last case for today is on submission, so that's it for today. I'll ask the Courtroom Deputy to adjourn. Court is adjourned. Thank you. Thank you.